JUDGE CEDARBAUM

# 08 CV 01200



BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMSUN LOGIX CORP.,

          Plaintiff,

     v.

GULF ROCKS CO.,

          Defendant.

08 Civ.

**VERIFIED COMPLAINT**

---

Plaintiff SAMSUN LOGIX CORP. ("Plaintiff" or "Samsun"), as Owner of the M/V LIMAY STAR, by its attorneys Blank Rome, LLP, complaining of the above-named Defendant GULF ROCKS CO. ("Defendant" or "Gulf Rocks"), alleges upon information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction.

2.    At all material times, Plaintiff was and now is a foreign company organized and existing under the laws of South Korea and the owner of the Motor Vessel LIMAY STAR (the "Vessel").

3.    At all material times, defendant was and now is a corporation organized and existing under the laws of the State of Kuwait.

## THE BASIC FACTS

4.    Samsun chartered the Vessel to Defendant under a contract of charter party dated on or about November 15, 2006 (the "Charter").

5.    Samsun submitted a final hire invoice dated January 21, 2008 to Gulf Rocks showing a balance owing of $160,038.

6.    Despite repeated request Defendant has refused to pay the sum that it owes.

7.    The Charter is subject to English law and London arbitration. This action is expressly filed without prejudice to that right of arbitration.

## COUNT I

## RULE B RELIEF

8.    Plaintiff repeats paragraphs 1 through 7 as if fully set forth herein.

9.    Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its English attorneys' fees and arbitrators' fees which are routinely awarded in London arbitration and no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

10.    At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| A. | On the principal claim | $160,038 |
| B. | Estimated Recoverable English Lawyers and Arbitrators' Fees & "Costs" | $ 60,000 |
| C. | Interest over the course of 3 years at prime rate average of 8% per annum: | $ 28,800 |
| | **TOTAL:** | $248,838 |

11.    Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendant up to the amount of $248,838 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.    That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

    D.      That Plaintiff may have such other, further and different relief as may be

just and proper.

Dated: New York, NY
      February 4, 2008

                           Respectfully submitted,
                           BLANK ROME, LLP
                           Attorneys for Plaintiff

                           By _____
                             Jeremy J.O. Harwood (JH 9012)
                           405 Lexington Avenue
                           New York, NY 10174
                           Tel.: (212) 885-5000

## VERIFICATION

STATE OF NEW YORK     )
                              : ss.:
COUNTY OF NEW YORK    )

      Jeremy J.O. Harwood, being duly sworn, deposes and says:

      1.      I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Plaintiff.

      2.      I have read the foregoing Complaint and I believe the contents thereof are true.

      3.      The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

      4.      The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

                                       _____
                                          Jeremy J.O. Harwood

Sworn to before me this
4th day of February, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMSUN LOGIX CORP., <br><br> Plaintiff, <br><br> v. <br><br> GULF ROCKS CO., <br><br> Defendant. | 08 Civ. <br><br> **AFFIDAVIT UNDER SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

    JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant SAMSUN LOGIX CORP., as Owner of the M/V LIMAY STAR, a company organized and existing under the laws of South Korea, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.     The defendant is not incorporated or registered to do business in this State.

3.     Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2007 edition), telephone assistance in New York City, and the internet Yellow Pages.

4.     In our search, we did not find any listing or reference to defendant in this district or state.

5.     In the circumstances, I believe the defendants cannot be "found" within this district.

6.     I attach as Exhibit 1 hereto a copy of the final hire invoice.

Jeremy J.O. Harwood

Sworn to before me this
4th day of February, 2008

Notary Public



NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

# EXHIBIT 1



Samsun Logix Corporation

5-6F,Lee Ma Bldg.146-1, Soosong Dong, Chongno Ku,Seoul

Tel.82-3998-500 Fax. 82-2-3998-570 Telex. K25534

## HIRE INVOICE
## MV. LIMAY STAR(BALANCE)

| | | | | |
|---|---|---|---|---|
| MESSERS. | GULF ROCKS | | | 2008-01-21 |
| C/O. | L.DENS | | | |
| OWNERS | SAMSUN LOGIX CORPORATION | | | |
| C/P DATE | 2006-11-15 | | | |
| DELIVERY | | 2006-12-07 | 11:30 GMT | (LOACAL TIME 15:30) |
| BUNKER ON DELY | IFO | 374.400 MT | CP PRICE IFO | $280.00 |
| | MDO | 133.550 MT | MDO | $615.00 |
| TO | | 2008-01-05 | 12:45 GMT | |
| BUNKER ON REDELY | IFO | 250.130 MT | CP PRICE IFO | $280.00 |
| | MDO | 133.090 MT | MDO | $615.00 |
| CHARTERED DURATION | | 394.052083 DAYS | | |
| HIRE | | 21,300 DIOT | | |

| | PARTICULARS | | | | DEBIT | CREDIT |
|---|---|---|---|---|---|---|
| 1 | HIRE | 394.052083 DAYS | X | $21,300.00 | | $8,393,309.38 |
| | OFF HIRE DUE TO CRANE BREAKDOWN | | | | | |
| | | 6.154745 DAYS | X | $21,300.00 | $131,096.07 | |
| | | | | | | |
| | OFF HIRE DUE TO DEP DELAY | | | | | |
| | (FROM 1800LT ~ 1930LT 27TH MAY, 2007) | | | | | |
| | | 0.062500 DAYS | X | $21,300.00 | $1,331.25 | |
| | | | | | | |
| | OFF HIRE DUE TO SHIFTING | | | | | |
| | (FROM 1040LT TO 1200LT 28TH OCT 2007) | | | | | |
| | | 0.055556 DAYS | X | $21,300.00 | $1,183.34 | |
| | | | | | | |
| | OFF HIRE DUE TO SHIFTING | | | | | |
| | (FROM 1030LT TO 1150LT 20TH NOV) | | | | | |
| | | 0.055556 DAYS | X | $21,300.00 | $1,183.34 | |
| | | | | | | |
| | OFF HIRE DUE TO HOSE TEST | | | | | |
| | (FROM 1500LT 05TH DEC TO 0315LT 06TH DEC) | | | | | |
| | | 0.510417 DAYS | X | $21,300.00 | $10,871.88 | |
| | | | | | | |
| 2 | ADDCOMM | $8,393,309.38 | X | 1.25% | $104,916.37 | |
| | OFF HIRE ADDCOM (CRANE BREAKDOWN) | | | 1.25% | | $1,638.70 |
| | OFF HIRE ADDCOM (DEP DEALY) | | | 1.25% | | $16.64 |
| | OFF HIRE ADDCOM(SHIFTING) | | | 1.25% | | $14.79 |
| | OFF HIRE ADDCOM(SHIFTING) | | | 1.25% | | $14.79 |
| | OFF HIRE ADDCOM (HOSE TEST) | | | 1.25% | | $135.90 |
| | | | | | | |
| 3 | BROKERAGE TO GULF MARITIME | | | 1.25% | $104,916.37 | |
| | BROKERAGE TO SCANDOCEAN | | | 1.25% | $104,916.37 | |
| | GULF MARITIME OFF HIRE BROKERAGE (CRANE BREAKDOWN) | | | 1.25% | | $1,638.70 |
| | GULF MARITIME OFF HIRE BROKERAGE (DEP DELAY) | | | 1.25% | | $16.64 |
| | GULF MARITIME OFF HIRE BROKERAGE (SHIFTING) | | | 1.25% | | $14.79 |
| | GULF MARITIME OFF HIRE BROKERAGE (SHIFTING) | | | 1.25% | | $14.79 |
| | GULF MARITIME OFF HIRE BROKERAGE (HOSE TEST) | | | 1.25% | | $135.90 |
| | SCANDOCEAN OFF HIRE BROKERAGE (CRANE BREAKDOWN) | | | 1.25% | | $1,638.70 |
| | SCANDOCEAN OFF HIRE BROKERAGE (DEP DELAY) | | | 1.25% | | $16.64 |
| | SCANDOCEAN OFF HIRE BROKERAGE (SHIFTING) | | | 1.25% | | $14.79 |
| | SCANDOCEAN OFF HIRE BROKERAGE (SHIFTING) | | | 1.25% | | $14.79 |
| | SCANDOCEAN OFF HIRE BROKERAGE (HOSE TEST) | | | 1.25% | | $135.90 |
| | | | | | | |
| 4 | BROKERAGE PAID FROM SAMSUN TO SCANDOCEAN  (1ST ~ 4TH HIRE) | | | | | $15,975.00 |
| | | | | | | |
| 5 | B.O.D | | | | | |
| | I.F.O | 374.400 MT | X | $280.00 | | $104,832.00 |
| | M.D.O | 133.550 MT | X | $615.00 | | $82,133.25 |
| | | | | | | |
| | OFF HIRE BUNKER ( IN PORT WKG - 3 MTS MDO PER DAY ) | | | | | |
| | M.D.O | 20.52 MTS | X | $615.00 | $12,617.54 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6 | ILOHC | | | | | $3,500.00 |
| | B.O.R<br>I.F.O<br>M.D.O | 250.13  MT<br>133.09  MT | X<br>X | $280.00<br>$615.00 | $70,036.40<br>$81,850.35 | |
| | BUNKER QTTY DIFFERNCE<br>(I.F.O 374.4 MTS - 5% MARGIN - 250.13 MTS = 105.55/ USD 535 - USD 280 = 255)<br>I.F.O | 105.55  MT | X | $255.00 | | $26,915.25 |
| 7 | COM/VIC/ENT | | | | | |
| | | 394.1 DAYS | X | $1,200.00 | | $15,762.08 |
| 8 | GRAB COST (25% CHARTERER'S ACCOUNT) | | | | $150,000.00 | |
| 9 | MCA<br>OUTLAY COMMISSION 2.5% | | | | $3,000.00<br>$75.00 | |
| 10 | SHIFTING CHARGE | | | | $2,304.96<br>$6,300.00<br>$2,300.00 | |
| 11 | CHARTERER'S REMITTANCE | | 1ST HIRE<br>2ND HIRE<br>3RD HIRE<br>4TH HIRE<br>5TH HIRE<br>6TH HIRE<br>7TH HIRE<br>8TH HIRE<br>9TH HIRE<br>10TH HIRE<br>11TH HIRE<br>12TH HIRE<br>13TH HIRE<br>14TH HIRE<br>15TH HIRE<br>16TH HIRE<br>17TH HIRE<br>18TH HIRE<br>19TH HIRE<br>20TH HIRE<br>21ST HIRE<br>22ND HIRE<br>23RD HIRE<br>24TH HIRE<br>25TH HIRE<br>26TH HIRE | $499,077.75<br>$162,112.50<br>$312,112.50<br>$295,015.76<br>$309,629.30<br>$292,634.05<br>$307,033.82<br>$335,590.59<br>$310,505.12<br>$310,582.73<br>$299,602.05<br>$298,407.61<br>$313,608.04<br>$304,552.64<br>$239,958.01<br>$305,436.49<br>$298,341.29<br>$305,675.14<br>$306,512.52<br>$309,662.73<br>$298,239.70<br>$306,774.66<br>$296,012.31<br>$297,972.54<br>$277,878.63<br>$106,023.00 | $7,698,951.48 | |
| | SUB TOTAL | | | | $8,487,850.72 | $8,647,889.42 |
| | BALANCE DUE TO OWNERS | | | | $160,038.70 | |
| | GRAND TOTAL | | | | $8,647,889.42 | $8,647,889.42 |

PLS KINDLY REMIT TO :-
KOREA EXCHANGE BANK, INSADONG BRANCH
AC/ NO :  150-JSD-100943-9
SWIFT CODE : KOEXKRSE

IN FAVOUR OF SAMSUN LOGIX CORPORATION

YOURS FAITHFULLY

U.S GANG / MANAGER
SAMSUN LOGIX CORPORATION